IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> SIXTH REGION REMODELING LLC, *et al.*, <br><br> *Defendants* | No. 23-cv-517-ABA |

**MEMORANDUM OPINION**

Plaintiff International Painters and Allied Trades Industry Pension Fund (the "Pension Fund" or the "Fund"), Daniel R. Williams as trustee of the Pension Fund[1], and Finishing Trades Institute (together, "Plaintiffs") seek leave to file a Second Amended Complaint which, along with other unchallenged changes, adds an additional defendant, GMCR Construction, LLC ("GMCR"), which Plaintiffs allege is liable for delinquent obligations owed by Defendant Sixth Region Remodeling, LLC ("Sixth Region"), either because GMCR is a "single employer with" or the "alter ego of" Sixth Region, or through operation of the common law successorship doctrine. For the following reasons, the Court grants the motion to amend.

**I.      RELEVANT FACTS AND PROCEDURAL HISTORY**

Plaintiffs allege that the Fund is an employee pension benefit fund under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. First Am. Cmplt. ("FAC") ¶ 1, ECF No. 5. Plaintiffs allege that Sixth Region was a party to a collective

---

[1] In the earlier iterations of Plaintiffs' complaint, the trustee plaintiff of the Pension Fund was Terry Nelson. In the Second Amended Complaint, Plaintiffs have substituted Mr. Williams in for Mr. Nelson as trustee plaintiff.

bargaining agreement under which it was obligated to make certain pension contributions. *Id.* ¶¶ 11-12. Plaintiffs allege that Sixth Region failed to pay its contributions and that accordingly Sixth Region and its owners, Defendants Miguel Veliz Becerra and Karla Del Campo-Barria, are in possession of Fund assets. *Id.* ¶¶ 15, 32. Plaintiffs seek to recover those delinquent contributions, along with liquidated damages, interest, attorneys' fees and costs. *Id.* at 16. Discovery does not close until March 4, 2024. ECF No. 12.

Plaintiffs assert in their motion that since filing the FAC, they have discovered a related entity that may be liable for Sixth Region's outstanding obligations: GMCR. Plaintiffs allege that Mr. Veliz Becerra and Ms. Del Campo-Barria formed GMCR using assets from Sixth Region and that GMCR performs the same work and utilizes the same operational resources and base of operations as did Sixth Region. Second Am. Cmplt. ("SAC") (ECF No. 19-1 ¶¶ 15-20, 24). In the proposed SAC, Plaintiffs seek to add GMCR as a defendant under theories of successor, alter ego, and single employer liability. *Id.* ¶¶ 18-26. Defendants have opposed this request. ECF No. 21 ("Opp.").

## II.   STANDARD

Federal Rule of Civil Procedure 15 provides that, after the first amendment to a complaint, a party seeking an additional amendment must receive "the opposing party's written consent or the court's leave" but that courts "should freely give leave [to amend] when justice so requires. Fed. R. Civ. P. 15(a)(2). *See Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010) ("It is this Circuit's policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)."). The Fourth Circuit has "interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment

2

would have been futile.'" *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

### III.    DISCUSSION

Although Defendants allude to the relevant standard, *see* Opp. 3 ("According to Plaintiffs, the test for denying their motion is whether the 'proposed amendment is clearly insufficient or frivolous on its face.'"), they do not argue that the proposed SAC was filed in bad faith or would be prejudicial or futile—let alone accepting as true the allegations in the SAC, as the Court must do at this stage. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (providing that a motion to amend a complaint should be denied as futile if "the proposed amendments could not withstand a motion to dismiss"); *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016) (providing that when considering a motion to dismiss, the court "accept[s] as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff"). Instead, Defendants argue that the new allegations that GMCR and Sixth Region are a single employer, and that GMCR is the successor to or alter ego of Sixth Region, are "comprised of a 'litany' of *legal theories*, none of which is supported by evidence." Opp. 2 (emphasis in original). Defendants conclude that "[b]ecause Plaintiffs are long on legal theories and stunningly short of *supporting evidence*, their motion should be denied." Opp. 3 (emphasis added).

The Court interprets Defendants' argument as contending that the amendment is futile because it is not supported by evidence. An amendment to a pleading cannot be futile because it lacks supporting evidence. Indeed, even to survive a Rule 12(b)(6) motion to dismiss, "a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (quoting *Robertson v. Sea Pines Real Est. Co., Inc.*, 679 F.3d

278, 291 (4th Cir. 2012)). Instead, "[l]eave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510. *See also* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1487 (3d ed.) ("[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied.") (footnotes omitted).

Here, Plaintiffs assert sufficient factual allegations "to raise a right to relief above the speculative level" and "to state a facially plausible claim for relief" in connection with their successor, alter ego, and single employer allegations regarding GMRC. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Thus, the amendment is not facially insufficient or frivolous and the motion should be granted. For example, the proposed SAC alleges that (1) Sixth Region has dissolved, (2) Sixth Region and GMCR were both owned and managed by Mr. Veliz Becerra and Ms. Del Campo-Barria, were operated out of their home, and conducted the same type of work, (3) GMCR utilizes Sixth Region's operational resources, and (4) GMCR had actual knowledge of Sixth Region's delinquencies given the interrelationship in ownership and operations. SAC ¶¶ 5, 18, 20, 23-24. *See, e.g.*, *Ind. Elec. Workers Pension Benefit Fund v. ManWeb Servs., Inc.*, 884 F.3d 770, 776 (7th Cir. 2018) (providing that successor liability can attach in an ERISA case "when 'an employer . . . substantially assumes a predecessor's assets, continues the predecessor's operations without interruption or substantial change, and . . . has notice . . . at the time of acquisition.'") (quoting *Upholsterers' Int'l Union Pension Fund v. Artistic Furniture of Pontiac*, 920 F.2d 1323, 1326 (7th Cir. 1990)); *Trustees of Nat. Automatic Sprinkler Indus. Pension Fund v. Budget Plumbing Corp.*, 111 F. Supp. 2d 716, 719-20 (D. Md.

2000) (providing that, under ERISA, "[t]wo entities will be considered a single employer by law if they have an interrelation of operations, common management, centralized control of labor relations, and common ownership" and that "two entities are alter egos of one another if there is a disguised continuance of the old employer shown by common ownership, management, business purpose, operation, equipment, customers, and supervision") (citing *Radio & Television Broadcast Technicians Local Union 1264 v. Broadcast Serv. of Mobile, Inc.*, 380 U.S. 255, 256 (1965), and *Mass. Carpenters Cent. Collection Agency v. Belmont Concrete Corp.*, 139 F.3d 304, 308 (1st Cir. 1998)).

For these reasons, Defendants have not shown that the SAC is "clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510. Upon service of the SAC, and GMCR's appearance through counsel in this case, GMCR will remain free to file a motion to dismiss if, for example, it has reason to believe that, with all of Plaintiffs' allegations accepted as true and all inferences drawn in Plaintiffs' favor, *see King*, 825 F.3d at 212, the SAC does not state claims on which relief can be granted. But the Rule 15(a)(2) standard does not envision that courts will necessarily (or even generally) conduct a full-blown Rule 12(b)(6) analysis on a motion for leave to amend, especially where, as here, the party against whom the new claims are asserted is not presently represented by counsel in the case. *See generally Pro. Maint. Sys., Inc. v. Baltimore Cnty., Maryland*, No. 22-cv-207-SAG, 2022 WL 4386237, at *1-*2 (D. Md. Sept. 21, 2022) (discussing the "overlap between a court's review for futility under Rule 15 and for failure to state a claim under Rule 12(b)(6)").

## IV.   CONCLUSION

For the reasons provided, the Court grants Plaintiffs' motion to file a Second Amended Complaint. An appropriate order follows.

Date:  December 21, 2023                              _____/s/_____
                                                     Adam B. Abelson
                                                     United States Magistrate Judge